Pearson, J.
 

 The will of Stephen Roach contains these clauses:
 
 ‘■‘■2.
 
 I give unto my wife Margaret all of my lands. 3. It is my wish, that if my wife should have a child by me, for the child to have, at her death, all of my lands.
 
 In case she should die, without an
 
 heir,
 
 for the land to go to her nearest
 
 relation.” The wife died in tire lifetime of the testator, without ever having had a child, leaving her father, under whom the defendant claims her “nearest relation,” and he was also “her nearest relation” at the death of the devisor.
 

 The question is, does the land belong to her father, or does it belong to the heirs of the devisor? His Honor was of the latter opinion, upon the ground, we suppose, that as she died in the life time of the devisor, the devise to her lapsed, and the limitatioir over was thereby defeated. It is settled to the contrary.
 
 Simmons
 
 v.
 
 Gooding,
 
 5 Ire. Eq. 382.
 
 "
 
 It is settled law, that .when a particular estate is given by will, with a remainder over, whether vested or contingent, the remainder takes effect, notwithstanding the particular estate fails by the death of the person for whom it was intended, upon the death of the devisor” — uunless there be an intention expressed, that the limitation over shall depend on the vesting of the preceding estate as a condition precedent.” Most generally, the limitation over is intended to take effect, whenever the preceding estate is out of the way, without reference to the manner in which it gets out of tire way.” 2. Williams on
 
 *105
 
 Executors, 764. The limitation over in this case clearly does not depend on the vesting of the preceding estate in the tenant for life, as a condition precedent, and consequently cannot be affected by the fact that the life estate lapsed. The judgment below must be reversed and judgment for the defendant on the case agreed.
 

 PER Curiam. Judgment below reversed, and judgment for defendant.